HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETSY GURTLER,

                Plaintiff,

    v.

NORTHWEST TRUSTEE SERVICES INC, CHICAGO TITLE INSURANCE COMPANY, MERS, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURED TRUSTEE, ON BEHALF OF THE OWNERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2004-4 ASSET BACKED NOTES, SELECT PORTFOLIO SERVICING INC, ACCREDITED HOME LENDERS, INC.,

                Defendants.

No.  11-cv-5745 RBL

ORDER GRANTING MOTION TO DISMISS

[Dkt. #9]

     This case arises in the wake of Deutsche Bank's foreclosure of Plaintiff's property, which was sold on September 16, 2011, by Northwest Trustee Services, the trustee under the deed of trust.  Plaintiff asserts claims under the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Washington Deed of Trust Act.  Because the Complaint lacks factual support under any legal theory, the Court **GRANTS** the motion.

Order - 1

## I. FACTUAL BACKGROUND

In 2006, Plaintiff borrowed $116,000 to purchase the residential property at issue here. In doing so, Plaintiff executed both a promissory note ("Note") and a deed of trust ("Deed") to Accredited Home Lenders and listing Mortgage Electronic Systems ("MERS") as the nominee for the beneficiary and its successors and assigns.

In September 2010, Plaintiff defaulted on the promissory note, a fact which Plaintiff does not dispute. MERS then assigned the deed to Deutsche Bank, the then- and current-holder of the Note. In October 2010, Deutsche Bank appointed Northwest Trustee as trustee under the Deed. In February 2011, Northwest Trustee recorded a Notice of Trustee's Sale, which was postponed until September 16, 2011, at which point Deutsche Bank itself bought the property at auction. Northwest Trustee recorded a trustee's deed.

Even abiding the liberal reading afforded *pro se* plaintiffs, the Court can discern little information from the Complaint. Plaintiff makes general assertions about "false representations," but does not hint at what those representations might be. The Complaint does, however, appear to assert that Plaintiff sent a 19-page form questionnaire to Accredited and Select Portfolio Servicing. The questionnaire relates to the chain of ownership and securitization of the Note and demands virtually every document relating to the loan.

On January 17, 2012, after Defendants moved to dismiss, Plaintiff filed an Amended Complaint. The Amended Complaint is difficult to follow, but it appears that Plaintiff seeks to strike the Motion to Dismiss on the grounds that it constitutes hearsay statements by defense counsel. The Amended Complaint also includes a number of underlined statements asserting that "void judgments are those rendered by a court which lacked jurisdiction." Am. Compl. at 3 [Dkt. #10]. At least four pages of the Amended Complaint are consumed by variations of this sentence. On page eight, the Amended Complaint devolves into indecipherable statements, presented in capitalized and bold type, e.g.:

> **ANOTHER DIRECT OUT RIGHT DECEPTION DEFENDANTS COUNSEL ALL BUT ORIGINAL LENDER FALL UNDER FCDPA AS IN ORIGINAL COMPLAINT.MORE CONTRAVERSE.NONE OF THE CASE LAW APPLIES AS IT IS NOT APPLEALETTE DICISTION. TAKING PROPERTY WITHOUT**

**DUE PROCESS IS NOT ALLOWED FROM CONSTITUTION OF UNITED STATES 7TH AMENDMENT.**

Am. Compl. at 10.  The gist of Plaintiffs argument appears to lie in the conclusion:

> **THE ABOVE DEFENDANTS ARE IN COLUSTION WITH EACH OTHER TO STEAL THIS PROPERTY . . . [THE] ORIGINAL LENDER WAS PAID IN FULL WHEN THE NOTE WAS SECURITIZED THEREBY SATISFYING THE DEED OF TRUST**.

Am. Compl. at 12.  Thus, according to Plaintiff, the Deed was somehow "satisfied" as a result of securitizing the loan.

## II.   DISCUSSION

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must allege facts to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

**A.  RESPA Claim**

Plaintiff asserts that she sent a "qualified written request" to Accredited Home Lenders requesting information about her account.  Compl. at 4.

RESPA provides in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing

Order - 3

> of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A).  A "qualified written request" ("QWR") is defined as a written document including the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).  When a loan servicer receives a QWR, RESPA requires that:

> Action with respect to inquiry: Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall
>
> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>
>> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or
>
> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes
>
>> (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and
>>
>> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2).

The twenty-page list of interrogatories is not a "qualified written request."  It does not relate to any error in the servicing of Plaintiff's loan.[1]  Rather, the form questionnaire demands "absolute first hand evidence from you of the original uncertificated or certificated security." Compl., Ex. C at 1.  The document then requests general policy information on everything from the recipient's insurance to its escrow accounts.  In short, Plaintiff's supposed QWR is an

---

[1] The Court will ignore the fact that the supposed qualified written request indicates that it was sent to GMAC Mortgage, LLC, not a defendant here. *See* Compl., Ex. C.

abusive attempt to stymie the nonjudicial foreclosure process. The document is not a QWR, and Plaintiff's claim thus fails.

### B. TILA Claim

Plaintiff implies that Accredited Home Lenders and Select Portfolio Servicing failed to notify her of the purchase of her property as required by 15 U.S.C. § 1641(g). But Plaintiff does not allege that either Accredited or Select ever purchased her loan, nor is there any reason to believe they did. Plaintiff fails to address the issue in her response, or any other document filed in the record. The Complaint fails to state facts plausible on their face, and thus, the Court dismisses the claim.

### C. FDCPA Claim

Plaintiff's FDCPA claim is merely a bare-bones recitation of the elements, without accompanying factual allegations of any kind. For example, "Defendants named above violated 15 USC § 1692 d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person." Compl. at 6. These sorts of allegations fail the *Iqbal*-standard, and the Court thus dismisses the claim.

### D. Violation of the Washington Deed of Trust Act

Plaintiff alleges vague technical violations of the Deed of Trust Act. *See* Compl. at 8–9. Like the claims above, these lack factual support of any kind. Moreover, after foreclosure, a borrower may bring suit only for damages, and may do so only for fraud or misrepresentation, violations of the Washington Consumer Protection Act, or a failure of the trustee to "materially comply" with the Deed of Trust Act. Wash. Rev. Code § 61.24.127(1)(a)–(c); .127(2)(b). Plaintiff's claims for technical violations of the Act therefore expired at foreclosure.

### III.   CONCLUSION

The Court **GRANTS** Defendants' motion and **DISMISSES** the case without prejudice. [Dkt. #9].  Defendants' Motion to Strike is **DENIED** as moot.  [Dkt. #12].

Dated this 20th day of March, 2012.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE